1
2
3
4
5             UNITED STATES DISTRICT COURT
6         FOR THE NORTHERN DISTRICT OF CALIFORNIA
7                    OAKLAND DIVISION
8

9  UNITED STATES OF AMERICA,          Case No:  CR 09-01158 SBA (KAW)

10              Plaintiff,            **FINDINGS AND**
                                      **RECOMMENDATIONS**
11         vs.                        **REGARDING SUPERVISED**
                                      **RELEASE**
12  WILLIAM MITCHELL,

13              Defendant.

14

15

16        Pursuant to the designation issued by the District Court under 18 U.S.C. § 3401(i), the

17  Court conducted a supervised release violation hearing in this matter on November 4, 2015.  For

18  the reasons that follow, the Court recommends that the District Court: revoke Defendant William

19  Mitchell's supervised release; sentence him to the custody of the Bureau of Prisons for a period of

20  six months; impose a new term of supervised release for a period of 52 months; and adopt all

21  previously-imposed conditions of release, with the exception of the condition that the defendant

22  reside at a Residential Reentry Center ("RRC").

23        The Court makes the following findings and recommendations:

24        1.      On the hearing date set forth above, the defendant, with the assistance of counsel,

25  was advised that:  (a) he has the right to have a district judge conduct a hearing to modify, revoke,

26  or terminate his supervised release; (b) he may expressly waive that right and consent to have such

27  hearing conducted by a magistrate judge; (c) if he consents to have a magistrate judge conduct the

28  supervised release revocation hearing, the designated magistrate judge will submit proposed,

written findings of fact and recommendations to the district judge regarding the modification, revocation, or termination, including, in the case of revocation, a recommended disposition under 18 U.S.C. § 3583(e); (d) the magistrate judge's findings and recommendations will be reviewed by the district judge; and (e) the district judge, not the magistrate judge, will make the final decision regarding whether to terminate, modify or revoke his supervision.  Based on the defendant's acknowledgment of the foregoing, the Court finds that the defendant intelligently, voluntarily and expressly consented to have a magistrate judge conduct his supervised release revocation hearing.

2.     The Court questioned the defendant to ensure that he has had a full and fair opportunity to discuss with his attorney the charges pending against him in this supervised release revocation hearing.

3.     The Court read the charges pending against the defendant, as set forth in the Petition for Arrest Warrant for Offender under Supervision.  The defendant acknowledged that he understood the charges alleged against him.

4.     The defendant further acknowledged his awareness of the following rights: (a) written notice of the alleged violations; (b) disclosure of the evidence against him; (c) an opportunity to appear and present evidence on his behalf; (d) the opportunity to question adverse witnesses; (e) notice of his right to be represented by counsel; and (f) the right to appeal.

5.     With the foregoing rights in mind, the defendant admitted each of the two charges alleged against him in the Petition for Arrest Warrant for Offender under Supervision.

6.     The parties stipulated in open court that for purposes of these proceedings that the facts set forth in the Petition for Arrest Warrant for Offender under Supervision provide a sufficient factual predicate for the defendant's admissions.

7.     Based upon the defendant's admission and the parties' stipulation, the Court finds that the Government has shown by a preponderance of the evidence that the defendant violated the conditions of his supervised release, as alleged in Charges 1 and 2 of the Petition for Arrest Warrant for Offender under Supervision.

8.     Following the defendant's admission of the charges alleged against him, the Court conducted the disposition phase of the proceeding.

9.     The parties confirmed that there are no factual disputes with Probation's memorandum.

10.     Based upon the undisputed facts in the memorandum, the parties stipulated for purposes of this proceeding as to the accuracy of Probation's conclusions with respect to:  (a) the Grade of the violation, which is C; (b) the Criminal History Category, which is IV; and (c) and the resulting Guideline Range, which is 6-12 months.  Based on the parties' stipulation, the Court finds that the Grade of the violation, Criminal History Category and resulting Guideline Range are as stated.

11.     On the record, the parties acknowledged that they are in agreement with Probation's recommendation that the defendant's supervised release be revoked, that the defendant be sentenced to the custody of the Bureau of Prisons for a period of six months, and that upon release from custody, he be placed on supervised release for a period of 52 months.  The parties further acknowledged their agreement with Probation's recommendation that all previously imposed conditions of supervised release be incorporated by reference, with the exception of the condition that the defendant reside at an RRC.

12.     Based on the findings set forth above, the Court recommends that the defendant's supervised release be revoked, that the defendant be sentenced to the custody of the Bureau of Prisons for a period of six months, and upon release from custody, he is to be placed on supervised release for a period of 52 months, with all previously imposed conditions incorporated by reference, except for the condition that he reside at an RRC.

13.     The Court advised the parties that within 14 days after being served with a copy of this order, they have the right the right to file specific written objections to the Court's findings and recommendations.  See 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59.  Failure to file objections within the specified time may waive a party's right to review.  See Fed. R. Crim. P. 59(b).  Upon being so advised, both parties expressly waived their right to file objections.

IT IS SO ORDERED.

Dated: November 4, 2015

_Kandis Westmore_
KANDIS A. WESTMORE
United States Magistrate Judge

- 3 -